THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| XAVIER WALLACE,<br>On Behalf of Himself and All Others<br>Similarly Situated<br><br>*Plaintiff*<br><br>vs.<br><br>GEORGIOS OF GREENSPOINT MALL,<br>INC., GEORGIOS OF SHARPSTOWN<br>CENTER, INC. and EMAD SROUR,<br><br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | JURY TRIAL DEMANDED<br><br>CIVIL ACTION NO. 4:21-cv-24 |

## PLAINTIFF'S COMPLAINT

Plaintiff Xavier Wallace ("Wallace"), on behalf of himself and all others similarly situated, files this Complaint against Georgios Of Greenspoint Mall, Inc., Georgios Of Sharpstown Center, Inc. and Emad Srour ("Defendants") and would show as follows:

## THE PARTIES

1.     Plaintiff Cole is an individual residing in Montgomery County, Texas.

2.     Defendant Georgios of Greenspoint Mall, Inc. is a corporation organized under the laws of Texas. Defendant may be served process through its registered agent Emad Srour, 7500 Bellaire Blvd, Suite 213, Houston, Texas 77036, or wherever he may be found.

3.     Defendant Georgios of Sharpstown Center, Inc. is a corporation organized under the laws of Texas. Defendant may be served process through its registered agent Emad Srour, 7500 Bellaire Blvd, Suite 213, Houston, Texas 77036, or wherever he may be found.

4.     Defendant Emad Srour is an individual that may be served process at 7500 Bellaire Blvd, Suite 213, Houston, Texas 77036, or wherever he may be found.

## JURISDICTION AND VENUE

5. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction. For several years, Defendants have done and continue to do business in the State of Texas, as well as within this District.

6. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, specifically the FLSA.

7. The Court has venue over this matter because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, many of the unlawful employment practices alleged in this case occurred in this district, and there are employment records relevant to Plaintiff's claims maintained and administered by Defendants in this district. 28 U.S.C. § 1391(b); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(3).

## COVERAGE

8. At all material times Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d). For example, Defendants:

   a. set the hours that employees were to work;

   b. paid employees;

   c. set rates of pay;

   d. made hiring and firing decisions; and

   e. directed the day-to-day operations of the business.

9. At all material times, Defendants were an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

10. At all material times, Defendants were an enterprise or enterprise in commerce or in the handling of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

11. Furthermore, Defendant had an annual gross business volume of not less than $500,000.

12. Defendant Srour is the founder, manager, and owner, during the applicable time, of Defendant Georgios of Greenspoint Mall, Inc. and Defendant Georgios of Sharpstown Center, Inc.

13. Defendant Srour, during the applicable time, is involved in the day-to-day business operations of Defendant Georgios of Greenspoint Mall, Inc. and Defendant Georgios of Sharpstown Center, Inc.

14. Defendant Srour controlled Plaintiff's schedule.

15. Defendant Srour had authority to and did set Plaintiff's rate of pay.

16. Defendant Srour had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

17. Defendant Srour was Plaintiff's day-to-day manager at the store where he worked.

18. Defendant Srour failed to pay Plaintiff for all hours worked.

19. Defendant Srour is jointly and severally liable.

20. There is common management, including Defendant Srour between Defendant

21. Georgios of Greenspoint Mall, Inc. and Defendant Georgios of Sharpstown Center, Inc.

22. Defendant Srour controls the operations of Defendant Georgios of Greenspoint Mall, Inc. and Defendant Georgios of Sharpstown Center, Inc.

23. Defendant Georgios of Greenspoint Mall, Inc. and Defendant Georgios of Sharpstown Center, Inc. represent themselves to the public as single business organization operating under the trade name Georgio's.

24. Defendant Georgios of Greenspoint Mall, Inc. and Defendant Georgios of Sharpstown Center, Inc. employ common advertisements.

25. Defendant Georgios of Greenspoint Mall, Inc. and Defendant Georgios of Sharpstown Center, Inc. employ a common marketing strategy.

26. Under these facts, Defendants were joint employers and/or constitute a single enterprise.

## PUTATIVE CLASS

27. The "Members of the Class" are all current and former employees of Defendants who: (1) worked on the floor of Defendants' stores; and (2) were employed during the three-year period prior to the date of this lawsuit. All of the "Members of the Class" are similarly situated to Plaintiff and to one another, within the meaning of section 216(b) of the FLSA.

28. Plaintiff has contemporaneously filed a consent form with the Court.

## FACTUAL BACKGROUND

29. Defendants operate a chain of clothing stores under the trade name Georgios.

30. Defendants' clothing stores are located in this District.

31. Plaintiff Wallace worked for Defendants as a sales associate.

32. Plaintiff works for Defendants at their Sharpstown Mall location in Houston, Texas.

33. As a sales associate, Plaintiff worked inside Defendants' store and sold clothing to Defendants' customers.

34. Other sales associates performed substantially the same duties in selling clothes.

35. Plaintiff's job did not include making sales outside of the store where he worked.

36. Other sales associates likewise did not make sales outside of their respective stores.

37. Defendants pay Plaintiff and its other sales associates an hourly rate and a commission payment based on the sales made in the store.

38. Defendants do not pay Plaintiff or their other sales associates overtime. Instead, Defendants pay Plaintiff and their other sales associates the same hourly rate for their overtime hours as their straight time hours. In other words, Defendants paid Plaintiff and the Class Members straight time for overtime.

39. Plaintiff regularly worked more than 40 hours in a week, as the following examples demonstrate:

    a. For the week reflected on his January 9, 2018 pay stub, Plaintiff worked 42 hours and was not paid any overtime;

    b. For the week reflected on his January 14, 2018 pay stub, Plaintiff worked 52 hours and was not paid any overtime;

    c. For the week reflected on his February 15, 2018 pay stub, Plaintiff worked 53 hours and was not paid any overtime;

    d. For the week reflected on his February 20, 2018 pay stub, Plaintiff worked 52 hours and was not paid any overtime; and,

    e. For the week reflected on his February 27, 2018 pay stub, Plaintiff worked 44 hours and was not paid any overtime.

40. Defendants also require other sales associates to routinely work in excess of 40 hours a week.

41. More than half of Plaintiff's compensation was not made up of commissions payments, as the following example weeks demonstrate:

42. Other sales associates likewise made more from their hourly payments than from their commissions.

43. Plaintiff's hourly rate was at or less than $9.00 per hour.

44. Other sales associates hourly rates were less than $11.00 per hour.

45. No exemption under the FLSA shelters Defendants from paying overtime their sales associates.

46. Defendants should be in possession of records that will reflect overtime hours worked by Plaintiff and Members of the Class.

47. Plaintiff was not properly compensated for overtime for the entirety of his career with Defendants. Plaintiff worked significant overtime hours yet was not paid all legally mandated overtime.

48. Defendants suffered and permitted Plaintiff and Members of the Class to work more than forty hours per week without minimum wages and/or overtime compensation for all hours worked.

49. Defendants knew Plaintiff and Members of the Class worked more than forty hours in a week because Defendants kept track of their time.

50. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must provide compensation for all hours in excess of 40 at a rate of not less than one and one-half times the employee's regular rate. *See* 29 U.S.C. § 207(a)(1). There are some exemptions to this rule. Under the law, those exemptions are narrowly construed, and

the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

51. Defendants did not provide Plaintiff and Members of the Class with accurate paychecks.

52. Defendants were and are aware of wage and hour laws as they were previously sued for violation of the FLSA for the same type of employees.

53. The regulations cited above have been in existence for many years, and Defendants fundamental failure to follow the FLSA demonstrates bad faith and willfulness.

## FLSA CLAIM FOR OVERTIME PAY

54. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. § 201, *et. seq*.

55. All conditions precedent, if any, to this suit, have been fulfilled.

56. At all material times, Plaintiff was an employee under the FLSA within the three years of the filing of this lawsuit. 29 U.S.C. § 203(e).

57. At all material times, Members of the Class were and are similarly situated to Plaintiff and were employees under the FLSA within the three years of the filing of this lawsuit. 29 U.S.C. § 203(e).

58. At all material times, Defendant is an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

59. At all material times, Plaintiff and Members of the Class worked in excess of 40 hours per seven-day workweek and Defendant had knowledge thereof.

60. At all material times, Plaintiff and Members of the Class were and are entitled to overtime compensation for hours worked over 40 in a seven-day workweek. 29 U.S.C. § 207(a)(1).

61. At all material times, Defendant failed to pay Plaintiff and Members of the Class overtime compensation for hours worked over 40 in a seven-day workweek.

62. Defendant's violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a). *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness). As indicated above, Defendant knew or should have known of the FLSA's requirements to pay certain workers overtime, and they failed to follow the law.

63. Defendant had previously been sued for violating the FLSA.

64. Defendant settled that lawsuit by paying unpaid wages.

65. Under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The purpose of liquidated damages is to "compensate an employee for delay in payment." *Reich v. Helicopter Servs., Inc.*, 8 F.3d 1018, 1031 (5th Cir. 1993) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)). A court generally must award the full amount of actual damages as liquidated damages. *Singer*, 324 F.3d at 822–23. If the court concludes that the employer acted in good faith and had reasonable grounds for believing that the conduct did not violate the FLSA, the court may "award no liquidated damages or any amount" up to actual damages. 29 U.S.C. § 260; 29 C.F.R. § 790.22(b); *Singer*, 324 F.3d at 822–23.

66. It is the employer's burden to prove good faith and reasonableness. *Lee v. Coahoma County, Miss.*, 937 F.2d 220, 227 (5th Cir. 1991); *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 925 (E.D. La. 2009). If the jury concludes that the employer has willfully violated the FLSA, the employer cannot demonstrate good faith, and the court must award liquidated damages in the full amount. *Singer*, 324 F.3d at 823 (citing *Heidtman v. County of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999)); *Lee*, 937 F.2d at 226. But "[a] finding that defendant's actions

were not willful does not preclude a finding that defendant did not act in good faith and on reasonable grounds." *Johnson*, 604 F. Supp. 2d at 926 (citing *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1274 (11th Cir. 2008) ("Because the burden of proof is placed differently, a finding that willfulness was not present may co-exist peacefully with a finding that good faith was not present.")).

67. The employer's burden to demonstrate good faith and a reasonable belief that its actions complied with the FLSA is "substantial." *Singer*, 324 F.3d at 323; *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990). "Good faith cannot be based on ignorance, but instead 'requires some duty to investigate potential liability under the FLSA.'" *Johnson*, 604 F. Supp. 2d at 926 (quoting *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468–69 (5th Cir. 1979)). The employer must show that it "had an honest intention to ascertain what the Act requires and to act in accordance with it." *Id.* (citing *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991) (internal citations omitted)). Even if the court concludes that the employer acted reasonably and in good faith, there is a "strong presumption ... in favor of doubling." *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 929 (quoting *Shea v. Galaxie Lumber & Constr. Co.*, 152 F.3d 729, 733 (7th Cir. 1998)). "Doubling of an award is the norm...." *Id.* (discussing the Family and Medical Leave Act, which uses essentially the same damages scheme as the FLSA).

68. Defendant cannot prove "good faith." *See, e.g.*, *Riddle v. Tex-Fin, Inc.*, Civil Action No. H–08–31212011, WL 1103033, at *4 (S.D. Tex. Mar. 22, 2011) (awarding liquidated damages in FLSA case even where the jury did not find the violation to be willful); *Tran v. Thai*, NO. CIV.A. H-08-3650, 2010 WL 5232944, at *6 (S.D. Tex. Dec. 16, 2010) (granting summary judgment for the plaintiff in an FLSA case on the question of "good faith," stating "though the defendants conducted internet research once to determine whether a receptionist was covered by

the FLSA and were unsure as to whether they had sufficient gross revenue to be an employer under the FLSA, the defendants have identified no evidence of any specific and ongoing efforts to comply with the FLSA. The plaintiffs are entitled to summary judgment on this defense."); *Bolick v. Mgmt. by Skylane, LLC*, Civ. A. No. H-07-2261, 2008 WL 4589961 (S.D. Tex. Oct. 14, 2008) (testimony from executive that his company "has always endeavored to comply with the terms of all applicable state and federal laws, including the [FLSA]" was insufficient to withstand plaintiffs' motion for summary judgment on liquidated damages because there was "no evidence of any specific ongoing efforts by defendant to comply with the FLSA.").

69. The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant . . . ." *See* 29 U.S.C. § 216(b). *See, e.g., Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 n. 25 (5th Cir. 2006) (affirming attorney's fees award in FLSA case of over $100,000.00).

70. Where, as here, "the employers' actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide class in FLSA misclassification case).

71. Accordingly, Plaintiff seeks to represent a class under 29 U.S.C. § 216(b) on behalf of:

> "all current and former employees of Defendants who: (1) worked on the floor of Defendants' stores; (2) were employed during the three-year period prior to the date of this lawsuit; and (3) were not paid minimum wage or overtime for hours worked over forty."

## **ATTORNEYS' FEES**

72. Each and every allegation contained above is realleged as if fully written herein.

73. Plaintiff and Members of the Class are entitled to recover attorneys' fees and costs for bringing this action pursuant to the FLSA.

## JURY DEMAND

74. Plaintiff, on behalf of himself and all other similarly situated individuals, makes a formal demand for a jury trial in this matter.

## DAMAGES AND PRAYER

Plaintiffs ask that the Court issue a summons for Defendant to appear and answer, and that Plaintiffs and those similarly situated to Plaintiffs be awarded a judgment against Defendant for the following:

a. Actual damages in the amount of unpaid minimum and/or overtime wages under the FLSA;

b. A finding that Defendant's conduct was willful;

c. An equal amount to the minimum and/or overtime wages as liquidated damages;

d. Emotional distress damages;

e. Punitive damages;

f. Pre-judgment and post-judgment interest;

g. Court costs;

h. Reasonable attorneys' fees; and

i. All other relief to which Plaintiff and those similarly situated to Plaintiff is entitled under the FLSA.

Respectfully submitted,

THE CRAIGHEAD LAW FIRM, PLLC

By: /s/ Clayton D. Craighead
Clayton D. Craighead
State Bar No. 24065092
S.D. Texas No. 958992
440 Louisiana, Suite 900
Houston, TX 77002
(832) 798-1184 – Telephone
(832) 553-7261 – Facsimile
clayton.craighead@thetxlawfirm.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF